# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JERKYLE LAWRENCE, et al.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-994** |
| **NEW INDUSTRIES, LLC** | **JUDGE: NJB** |

## ORDER

In this litigation, Plaintiffs, 17 individuals who were employed as laborers by Defendant New Industries, LLC ("Defendant"), allege that Defendant did not pay overtime wages or minimum wages in violation of the Fair Labor Standards Act ("FLSA").[1] Plaintiffs also allege that Defendant violated Louisiana Revised Statute § 23:1163(A) by requiring employees to contribute $1 for every hour worked into a pool of money called the "safety pool," which Plaintiffs allege Defendant used to satisfy workers' compensation obligations.[2] Pending before the Court is Defendant's "Motion for Summary Judgment."[3] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion in part and deny the motion in part.

## I. Background

### A. Factual Background

Defendant is a corporation based in Morgan City, Louisiana, engaged in the business of

---

[1] Rec. Docs. 1, 27.

[2] Rec. Doc. 27.

[3] Rec. Doc. 62.

providing steel fabrication services to the oil and gas and marine industries, and Plaintiffs are laborers who were employed by Defendant.[4] In this litigation, Plaintiffs allege that Defendant violated the minimum wage and overtime provisions of the FLSA.[5]

According to the Amended Complaint, Defendant requires that Plaintiffs be ready for work at 6:00 a.m., when Defendant's jobsite whistle blew.[6] Plaintiffs allege that the nature of their jobs required them to perform tasks and other work before the 6:00 a.m. whistle.[7] Specifically, Plaintiffs assert that Defendant required its laborers to clock into work between 5:30 and 5:45 a.m. to change clothes, put on personal protective equipment ("PPE"), and gather their tools.[8] Plaintiffs allege that a safety meeting took place at 6:00 a.m. each day when the whistle blew, which signified that Defendant would begin payment to its laborers.[9]

To signify the end of the workday, Plaintiffs contend that a whistle would blow, and Defendant would stop payment to its laborers.[10] However, Plaintiffs allege that they were still required to perform work while not on the clock including putting away tools, returning PPE clothing, and walking to their time card station to clock out.[11]

---

[4] Rec. Doc. 27 at 2–4.

[5] *Id.* at 1.

[6] *Id.* at 4.

[7] *Id.*

[8] *Id.* at 5.

[9] *Id.*

[10] *Id.*

[11] *Id.*

At a minimum, Plaintiffs assert that Defendant did not pay them for 30 minutes each day.[12] Plaintiffs also allege that they often worked more than 40 hours per week, and Defendant did not pay "Plaintiffs one-and-half times their hourly rate for all hours they worked outside the whistles."[13] Plaintiffs contend that "Defendant willfully violated Plaintiffs' rights under the FLSA because Defendant knew or showed reckless disregard for the fact that its compensation practices violated the FLSA."[14]

Plaintiffs also allege that at the beginning of each year Defendant contributes $100,000 to a fund referred to as the "safety pool."[15] According to the Amended Complaint, Plaintiffs were required to pay one dollar for every hour worked toward the safety pool.[16] Plaintiffs allege that the safety pool was used to pay for workers' compensation claims made against Defendant.[17] Plaintiffs contend that the safety pool was also used by Defendant to pay for miscellaneous expenses including personal expenses of William New, Defendant's executive.[18] According to the Amended Complaint, each business quarter Defendant disburses a percentage of the safety pool to its employees, but employees do not receive back 100 percent of their contributions due to various

---

[12] *Id.*

[13] *Id.*

[14] *Id.*

[15] *Id.* at 6.

[16] *Id.*

[17] *Id.*

[18] *Id.*

deductions made.[19] Plaintiffs contend that the safety pool violates Louisiana Revised Statute § 23:1163, which prohibits an employer from deducting from its employees' wages the amount of employer pays for workers' compensation obligations.[20] Additionally, Plaintiffs assert that "the safety pool system engenders hazardous and unjust working conditions by encouraging workers to exert peer pressure over victims of work accidents to not make claims against the safety pool."[21] Plaintiffs also bring a revendicatory action pursuant to Louisiana Civil Code article 526 to recover all money divested by Defendant, and an unjust enrichment claim to recover all money paid into the safety pool.[22]

### B.    *Procedural Background*

Named Plaintiffs Jerkyle Lawrence and Alvin Griffin filed a Collective Action Complaint on July 6, 2016, against Defendant alleging violations of the minimum wage and overtime provisions of the FLSA.[23] This matter was initially assigned to United States District Judge Rebecca F. Doherty. On April 10, 2017, the parties filed a joint motion for conditional certification of a collective action under the FLSA.[24] On April 11, 2017, the Court conditionally certified a class of "[c]urrent and former employees of New Industries, LLC who were employed at any time from April 1, 2014 through the present date and who were employed in the following job positions:

---

[19] *Id.*

[20] *Id.* at 8.

[21] *Id.* at 6.

[22] *Id.* at 10–11.

[23] Rec. Doc. 1 at 1.

[24] Rec. Doc. 9.

welder, machine operator, fitter, crane operator, forklift operator, rigger, carpenter, tacker or helper."[25] 15 individuals joined the class.[26]

With leave of Court, on August 29, 2017, Plaintiffs filed an Amended Complaint, adding claims under Louisiana law regarding the safety pool.[27] On December 21, 2017, the Court joined Plaintiff's state law claims in the class action with the FLSA claims.[28]

On July 26, 2018, the case was reassigned to the undersigned Chief United States District Judge.[29] On February 19, 2019, Defendant filed the instant motion for summary judgment.[30] On March 12, 2019, Plaintiffs Alvin Griffin, Arthur Thompson, Stanley King, Norman Lightfoot, Kevin Jennings and Ray Aucoin filed an opposition to the motion.[31] On March 25, 2019, Defendant filed a reply brief in further support of the motion.[32] On June 4, 2019, the parties filed a notice of voluntary dismissal and dismissed the claims of Alvin Griffin, Norman Lightfoot, and Raymond Aucoin with prejudice.[33] Plaintiffs Stanley King and Kevin Jennings also dismissed their claims that they were not paid by Defendant for work they performed during lunch periods with

---

[25] Rec. Doc. 10.

[26] Rec. Docs. 12–24.

[27] Rec. Doc. 19.

[28] Rec. Doc. 41.

[29] Rec. Doc. 47.

[30] Rec. Doc. 62.

[31] Rec. Doc. 64.

[32] Rec. Doc. 67.

[33] Rec. Doc. 89.

prejudice, but maintained their claims that they were not paid for setting up and putting away tools before and after their workshifts.[34] On June 5, 2019, the Court granted a "Motion for Discovery Sanctions Pursuant to FRCP Rule 37" and dismissed the claims of Plaintiff Arthur Thompson without prejudice.[35]

## II. Parties' Arguments

### A. *Defendant's Arguments in Support of the Motion for Summary Judgment*

In its motion, Defendant argues that all of Plaintiffs' claims should be dismissed with prejudice because there are no genuine issues of material fact in dispute and Defendant is entitled to judgment as a matter of law.[36] First, Defendant argues that summary judgment should be granted with respect to Plaintiffs' FLSA claims because the time Plaintiffs allegedly spent putting on and taking off PPE, walking to the time clock, and gathering tools is not compensable under the Portal-to-Portal Act ("PPA") and/or the *de minimum* rule.[37] Second, Defendant contends that Plaintiffs' state law claims must be dismissed because there is no evidence establishing that Defendant's employees contributed to the safety pool or that Defendant used funds from the safety pool to satisfy its' workers' compensation obligations or pay personal expenses of Defendant and its management.[38]

---

[34] *Id.*

[35] Rec. Doc. 90.

[36] Rec. Doc. 62-14 at 1.

[37] *Id.* at 13.

[38] *Id.* at 27.

### 1.    Plaintiffs' Claims Under the FLSA

Defendant first argues that summary judgment should be granted with respect to Plaintiffs' FLSA claims because time Plaintiffs allegedly spent putting on and taking off PPE, walking to the time clock, and gathering tools is not compensable under the PPA and/or the *de minimum* rule.[39] In support of this assertion, Defendant relies on a sworn declaration of William New ("the New Declaration") to establish that Defendant does not require its employees to arrive at work or clock in at any specific time to don PPE or gather tools on an uncompensated basis.[40] Additionally, Defendant cites the New Declaration to support the assertion that employees were not required to take off PPE, return tools, or perform any work at the end of their shifts on an uncompensated basis.[41]

Defendant also asserts that the claims of Cody Chauvin and Freddie Lewis must be dismissed because Chauvin and Lewis did not answer Defendant's requests for admissions, and the Court issued an order deeming the requests for admission admitted.[42] Defendant notes that depositions of seven Plaintiffs were scheduled for the week of January 21, 2019, but four of the seven deponents failed to appear.[43] Moreover, Defendant argues that the deposition testimony of the other Plaintiffs establishes the following: (1) there was no specified or designated time that

---

[39] *Id.* at 13.

[40] *Id.* (citing Rec. Doc. 62-2).

[41] *Id.* (citing Rec. Doc. 62-2).

[42] *Id.* at 14 (citing Rec. Doc. 45).

[43] *Id.*

employees were required to appear at work; (2) no work was performed before the start of shift; (3) employees did not perform any work after clocking out; (4) employees were given a 30 minute break for lunch; (5) the deponents wore their steel toe boots to and from work; (6) it took a few seconds to put on a hard hat, ear plugs, and safety glasses; (7) welders kept their welding-specific PPE at their work stations and put the PPE on after the start of the work day; (8) employees were not required to gather or retrieve tools prior to the start of their shift or return tools at the end of their shift; (9) each deponent confirmed that all of the activities alleged in the lawsuit took place during the course of the workday; and (10) each deponent acknowledged receiving overtime for hours worked in excess of 40 hours in a workweek.[44]

Defendant asserts that the Fifth Circuit has held that the donning and doffing of generic, personal protective gear is not compensable under the PPA.[45] Accordingly, Defendant asserts that Plaintiffs' claims for compensation under the FLSA for time spent donning and doffing PPE must be dismissed as a matter of law.[46] In addition, Defendant asserts that there is no evidence supporting Plaintiffs' allegation that they were required to report to work early or stay late on an uncompensated basis to don and doff PPE.[47]

Alternatively, Defendant argues that the time spent donning and doffing PPE is *de minimis*

---

[44] *Id.* at 15–18 (citing Rec. Docs. 62-11, 62-12, 62-13).

[45] *Id.* at 18 (*Von Friewalde v. Boeing Aerospace Operations, Inc.*, 339 F. App'x 448 (5th Cir. 2009)).

[46] *Id.* at 21.

[47] *Id.*

and, therefore, not compensable.[48] Defendant points to the New Declaration and the testimony of the Plaintiffs who were deposed to support this assertion, which indicate that it took a few seconds to put on a hard hat, safety glasses, and ear plugs.[49] In support, Defendant also cites a Supreme Court case stating that "[a] majority of courts have found daily periods of approximately ten (10) minutes *de minimis* as a matter of law."[50]

Defendant also argues that time spent walking to the time clock is excluded from FLSA coverage by the explicit terms of the PPA.[51] Furthermore, Defendant argues that time spent gathering and replacing tools is not compensable because employees were not required to gather or replace tools outside their paid work shifts.[52] Additionally, Defendant asserts that time spent retrieving and replacing tools is not compensable because these tasks are not indispensable and integral to Plaintiffs' employment.[53] Alternatively, Defendant contends that the time spent performing these tasks is *de minimis*.[54] Accordingly, Defendant argues that there is no genuine issue of material fact in dispute and Plaintiffs' FLSA claims must be dismissed as a matter of law.[55]

---

[48] *Id.*

[49] *Id.*

[50] *Id.* at 23 (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692, 66 S.Ct. 1187, 1195 (1946)

[51] *Id.* at 24 (citing 29 U.S.C. §254(a)(1)).

[52] *Id.* at 25.

[53] *Id.* at 26.

[54] *Id.*

[55] *Id.* at 27.

### 2. Plaintiffs' State Law Claims

Second, Defendant contends that Plaintiffs' state law claims must be dismissed because there is no evidence establishing that Defendant's employees contributed to the safety pool or that Defendant used funds from the safety pool to satisfy its workers' compensation obligations or pay personal expenses of Defendant and its management.[56] In support of this assertion, Defendant again cites the New Declaration.[57] Specifically, New states that there were no deductions from employees' pay for contributions to a safety pool.[58] Therefore, Defendant argues that there is no genuine issue of material fact in dispute, and Plaintiffs' state law claims must be dismissed as a matter of law.[59]

### B. *Plaintiffs' Arguments in Opposition to the Motion for Summary Judgment*

Plaintiffs Stanley King and Kevin Jennings filed an opposition to the motion.[60] According to the opposition, Jerkyle Lawrence, Craig Reaux, Trevor Alcina, Dontrell Brown, Dale Mitchell, Cody Chauvin, Leroy Jones, Joaquin Mirajes, Freddie Lewis, Christobal Lopez, and Anthony Lightfoot have not been in communication with Plaintiffs' counsel despite counsel's repeated

---

[56] *Id.*

[57] *Id.*

[58] *Id.* at 28 (citing Rec. Doc. 62-2).

[59] *Id.* at 29.

[60] Rec. Doc. 64 at 1. Plaintiff Arthur Thompson also opposed the motion. However, the Court has dismissed the claims of Arthur Thompson without prejudice. Accordingly, because the claims of Arthur Thompson's claims are no longer pending before the Court, they are not addressed in this Order. Plaintiffs Alvin Griffin, Norman Lightfoot, and Raymond Aucoin also opposed the motion. However, their claims were voluntarily dismissed on June 4, 2019.

attempts to contact them.[61] Therefore, those Plaintiffs did not submit any formal opposition to the motion.[62] Additionally, the opposition notes that none of the plaintiffs oppose dismissal of the state law claims.[63]

The opposition clarifies that Plaintiffs Stanley King and Kevin Jennings are claiming that they were not paid to set up and return equipment.[64] In support, Plaintiffs attach declarations by each of these individuals, stating that they were not paid for setting up and/or putting away their equipment.[65] Additionally, Plaintiffs assert that this work was indispensable and integral to their jobs.[66]

Specifically, Kevin Jennings states that he cut new rope lengths, selected and tested the "come along" tools required for the workday.[67] Stanley King states that he set up his welding equipment before the shift began, and that he needed more time than the five minutes allotted to return his equipment.[68] Plaintiffs contend that Defendant has put forth no evidence that the claims of Plaintiffs King, Lightfoot and Jennings were *de minimus* or cited any case law supporting Defendant's argument that the amount of time Plaintiffs worked, but were not paid, was *de*

---

[61] *Id.*

[62] *Id.*

[63] *Id.* at 2.

[64] *Id.* at 1.

[65] *Id.* at 2.

[66] *Id.*

[67] *Id.* (citing Rec. Doc. 64-5).

[68] *Id.* (citing Rec. Doc. 64-8).

*minimus.*[69] Additionally, Plaintiffs assert that this case is administratively provable as the amount of damages is easily calculable because it is undisputed that each Plaintiff clocked in when he came to work but was not paid until the safety meeting began.[70]

## C.    *Defendant's Arguments in Further Support of the Motion for Summary Judgment*

In the reply brief, Defendant contends that Plaintiffs have improperly raised new claims in opposition to the motion for summary judgment.[71] Specifically, Defendant asserts that the claim that Plaintiffs were not paid for time spent setting up equipment was not alleged in either the Complaint or the Amended Complaint.[72] Defendants contend that it is well settled that a plaintiff cannot assert claims for the first time in opposition to a motion for summary judgment.[73] Additionally, Defendant notes that Fifth Circuit has held that district courts do not abuse their discretion when they disregard claims, or theories of liability, not presented in the complaint but asserted in opposition to summary judgment.[74]

Defendant argues that Plaintiffs presented insufficient evidence to overcome summary judgment with respect to the claim that they were not paid for time spent setting up, gathering, and returning equipment.[75] Defendant contends that the declarations of Jennings and King are

---

[69] *Id.*

[70] *Id.*

[71] Rec. Doc. 67 at 1.

[72] *Id.* at 2.

[73] *Id.* at 3 (citing *Cutrera v. Bd. of Sup'rs of LSU*, 429 F.3d 108, 113 (5th Cir. 2005)).

[74] *Id.* (citing *De Franceschi v. BAC Home Loans Servicing*, 477 F. App'x 200, 204 (5th Cir. 2012)).

[75] *Id.*

unsubstantiated, self-serving, and conclusory.[76] Defendant argues that Plaintiffs speculate on the amount of time worked, and do not set forth facts showing that the alleged unpaid work put them above 40-hours per week or reduced their pay below minimum wage.[77] To the extent that the Plaintiffs' time records might show that they clocked in prior to 6:00 a.m., Defendants assert Plaintiffs have offered nothing other than their own testimony to show that they allegedly spent that time performing compensable activities, as opposed to visiting with other employees, drinking coffee, or performing other noncompensable activities.[78]

Furthermore, Defendant contends that these tasks are not compensable under the PPA because they are preliminary and postliminary activities.[79] Defendant also asserts that the time spent performing these activities was *de minimis*.[80] Additionally, Defendant contends that Plaintiffs' declarations do not establish that Defendant had actual or constructive knowledge that Plaintiffs performed the work without pay, as required by the FLSA.[81] For these reasons, Defendant asserts that Plaintiffs' declarations are insufficient to defeat summary judgment.[82]

---

[76] *Id.* at 7.

[77] *Id.*

[78] *Id.* at 8.

[79] *Id.* at 9.

[80] *Id.* at 10.

[81] *Id.* (citing *Von Friewalde v. Boeing Aerospace Oper.*, 339 F. App'x 448, 445 (5th Cir. 2009)).

[82] *Id.*

### III. Legal Standard

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[83] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[84] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[85] If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists and the moving party is entitled to judgment as a matter of law.[86] The nonmoving party may not rest upon the pleadings, but must identify specific facts in the record and articulate the precise manner in which that evidence establishes a genuine issue for trial.[87]

The party seeking summary judgment always bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record that it believes

---

[83] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[84] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398–99 (5th Cir. 2008).

[85] *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985); *Little*, 37 F.3d at 1075.

[86] *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586 (1986).

[87] *See Celotex*, 477 U.S. at 325; *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998).

demonstrate the absence of a genuine issue of material fact.[88] Thereafter, the nonmoving party should "identify specific evidence in the record, and articulate" precisely how that evidence supports his claims.[89] To withstand a motion for summary judgment, the nonmoving party must show that there is a genuine issue for trial by presenting evidence of specific facts.[90] The nonmovant's burden of demonstrating a genuine issue of material fact is not satisfied merely by creating "some metaphysical doubt as to the material facts," "by conclusory allegations," by "unsubstantiated assertions," or "by only a scintilla of evidence."[91] Rather, a factual dispute precludes a grant of summary judgment only if the evidence is sufficient to permit a reasonable trier of fact to find for the nonmoving party. Hearsay evidence and unsworn documents that cannot be presented in a form that would be admissible in evidence at trial do not qualify as competent opposing evidence.[92]

## IV. Analysis

Defendant raises two issues in the motion for summary judgment.[93] First, Defendant argues that summary judgment should be granted with respect to Plaintiffs' FLSA claims because time Plaintiffs allegedly spent putting on and taking off PPE, walking to the time clock, and gathering

---

[88] *Celotex*, 477 U.S. at 323.

[89] *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994).

[90] *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Anderson v. Liberty*, 477 U.S. 242, 248–49 (1996)).

[91] *Little*, 37 F.3d at 1075.

[92] *Martin v. John W. Stone Oil Distrib., Inc.*, 819 F.2d 547, 549 (5th Cir. 1987); Fed. R .Civ. P. 56(c)(2).

[93] Rec. Doc. 62-14 at 1.

tools is not compensable under the PPA and/or the *de minimum* rule.[94] Second, Defendant contends that Plaintiffs' state law claims must be dismissed because there is no evidence establishing that Defendant's employees contributed to the safety pool.[95]

In reply, Defendant contends that these claims must be dismissed because they were not raised in either the Complaint or the Amended Complaint.[96] Alternatively, Defendant argues that Plaintiffs have not presented sufficient evidence to survive summary judgment.[97] Accordingly, the Court will address each of these issues in turn.

As an initial matter, the Court notes that Plaintiffs do not oppose dismissal of the state law claims.[98] Additionally, Plaintiffs do not oppose dismissal of the FLSA claims of Plaintiffs Jerkyle Lawrence, Craig Reaux, Trevor Alcina, Dontrell Brown, Dale Mitchell, Cody Chauvin, Leroy Jones, Joaquin Mirajes, Freddie Lewis, Christobal Lopez, and Anthony Lightfoot.[99] Accordingly, the Court will grant summary judgment with respect to the state law claims and the FLSA claims of Plaintiffs Jerkyle Lawrence, Craig Reaux, Trevor Alcina, Dontrell Brown, Dale Mitchell, Cody Chauvin, Leroy Jones, Joaquin Mirajes, Freddie Lewis, Christobal Lopez, and Anthony Lightfoot.

Plaintiffs originally opposed dismissal of the FLSA claims brought by Plaintiffs Stanley

---

[94] *Id.* at 13.

[95] *Id.* at 27.

[96] Rec. Doc. 67 at 1.

[97] *Id.* at 3.

[98] Rec. Doc. 64 at 2.

[99] *Id.* at 1.

King, Norman Lightfoot, Kevin Jennings, Alvin Griffin, and Ray Aucoin.[100] However, on June 4, 2019, the parties filed a notice of voluntary dismissal and dismissed the claims of Alvin Griffin, Norman Lightfoot, and Raymond Aucoin with prejudice.[101] Plaintiffs Stanley King and Kevin Jennings also dismissed their claims that they were not paid by Defendant for work they performed during lunch periods with prejudice, but maintained their claims that they were not paid for setting up and putting away tools before and after their workshifts.[102] On June 5, 2019, the Court granted a "Motion for Discovery Sanctions Pursuant to FRCP Rule 37" and dismissed the claims of Plaintiff Arthur Thompson without prejudice.[103] Therefore, the only claims that remain are Plaintiffs Kevin Jennings and Stanley King's claims that they were not paid for setting up and putting away tools before and after their workshifts.

## A.    *Claims Raised for the First Time in Opposition to the Motion for Summary Judgment*

Defendant contends that Plaintiffs have improperly raised new claims in opposition to the motion for summary judgment.[104] Specifically, Defendant asserts that Plaintiffs did not allege in either the Complaint or the Amended Complaint that they were not paid for work performed during their lunch breaks.[105] Defendant also asserts that the claim that Plaintiffs were not paid for time

---

[100] Rec. Doc. 64.

[101] Rec. Doc. 89.

[102] *Id.*

[103] Rec. Doc. 90.

[104] Rec. Doc. 67 at 1.

[105] *Id.*

spent setting up equipment was not alleged in either the Complaint or the Amended Complaint.[106]

A properly pleaded complaint must give "fair notice of what the claim is and the grounds upon which it rests."[107] Accordingly, the Fifth Circuit has stated that "district courts do not abuse their discretion when they disregard claims or theories of liability not present in the complaint and raised first in a motion opposing summary judgment."[108]

Defendant asserts that the claim that Plaintiffs were not paid for time spent setting up equipment was not alleged in either the Complaint or the Amended Complaint. However, the Court finds this argument unavailing. In the Amended Complaint, Plaintiffs allege that "Defendant requires its laborers to gather the tools that they will need and meet at 6:00 am for a safety meeting."[109] The Amended Complaint also alleges that at the end of the day employees must "put away Defendant's tools."[110] In opposition to the motion for summary judgment, Plaintiffs present declarations of Stanley King and Kevin Jennings, stating that they were not paid for setting up and/or putting away their equipment, including a sub arc welding machine, rope, "come along" tools, and welding equipment.[111]

Merriam-Webster Dictionary defines a "tool" as "something (such as an instrument or

---

[106] *Id.* at 2.

[107] *De Franceschi v. BAC Home Loans Servicing*, 477 F. App'x 200, 204 (5th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 698–99, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)).

[108] *Id.*

[109] Rec. Doc. 27 at 5.

[110] *Id.*

[111] Rec. Doc. 64 at 2.

apparatus) used in performing an operation or necessary in the practice of a vocation or profession."[112] Merriam-Webster Dictionary defines "equipment" as "the set of articles or physical resources serving to equip a person or thing."[113] The items described in Plaintiffs' declarations appear to fall under the common definition of both tools and equipment. Therefore, the Court concludes that this claim was properly raised in the Amended Complaint. Accordingly, the Court will proceed to address whether Defendants are entitled to summary judgment on Plaintiffs' claims that they were not paid for time spent setting up and putting away tools or equipment.

**B.** ***Whether Defendants are Entitled to Summary Judgment on Plaintiffs' Claims that They were not Paid for Time Spent Setting Up and Putting Away Tools or Equipment***

The FLSA mandates that "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."[114] "Moreover, the FLSA generally requires employers to pay employees for all hours worked."[115] "If an employer violates the overtime-compensation requirement, it is 'liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional

---

[112] Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/tool (last visited June 3, 2019).

[113] Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/equipment (last visited June 3, 2019).

[114] *Von Friewalde v. Boeing Aerospace Oper.*, 339 F. App'x 448, 453 (5th Cir. 2009) (quoting 29 U.S.C. § 207(a)(1)).

[115] *Id.* (citing 29 U.S.C. §§ 206, 207; *Alvarez v. IBP, Inc.*, 339 F.3d 894, 902 (9th Cir.2003), *aff'd*, 546 U.S. 21 (2005)).

equal amount as liquidated damages.'"[116]

    As noted above, in opposition to the motion for summary judgment, Plaintiffs present declarations of Stanley King and Kevin Jennings, stating that they were not paid for setting up and/or putting away their equipment.[117] Defendant argues that Plaintiffs presented insufficient evidence to overcome summary judgment because Plaintiffs have not pointed to any evidence establishing that the alleged unpaid work put them above 40-hours per week or reduced their pay below minimum wage.[118] The Court finds this argument unavailing because the FLSA generally requires employers to pay employees for all hours worked.[119] Furthermore, it is undisputed that each Plaintiff clocked in when he came to work but was not paid until the safety meeting began. Therefore, the amount of overtime work performed by each Plaintiff can readily be calculated at trial.

    Additionally, Defendant contends that these tasks are not compensable under the PPA because they are preliminary and postliminary activities.[120] Defendant also asserts that the time spent performing these activities was *de minimis*.[121] Furthermore, Defendant contends that Plaintiffs' declarations do not establish that Defendant had actual or constructive knowledge that

---

[116] *Parrish v. Premier Directional Drilling*, L.P., 917 F.3d 369, 379 (5th Cir. 2019) (quoting 29 U.S.C. § 216(b)).

[117] Rec. Doc. 64 at 2.

[118] Rec. Doc. 67 at 7.

[119] *Von Friewalde*, 339 F. App'x at 453.

[120] *Id.* at 9.

[121] *Id.* at 10.

Plaintiffs performed the work without pay, as required by the FLSA.[122] Accordingly, the Court will address each of these issues in turn.

### 1.  Whether the Activities are Excluded from Coverage under the PPA

As the Fifth Circuit has noted, "not all activities performed in the workplace are necessarily compensable under the FLSA."[123] In particular, the Portal-to-Portal Act of 1947 amended the FLSA to provide that employers are not required to compensate employees for:

> (1) walking, riding, or traveling to and from the actual place of performance of the principal activity or activities which such employee is employed to perform, and

> (2) activities which are preliminary to or postliminary to said principal activity or activities,

> which occur either prior to the time on any particular workday at which such employee commences, or subsequent to the time on any particular workday at which he ceases, such principal activity or activities.[124]

In *Steiner v. Mitchell*, the Supreme Court held that preliminary or postliminary activities are compensable if they are not excluded under Section 254(a)(1) and are "an integral and indispensable part of the principal activities for which covered workmen are employed."[125] "To be 'integral and indispensable,' an activity must be necessary to the principal work performed and done for the benefit of the employer."[126] In *Integrity Staffing Solutions, Inc. v. Busk*, the Supreme Court provided additional guidance on this issue, stating that "[a]n activity is therefore integral

---

[122] *Id.*

[123] *Id.*

[124] 29 U.S.C. § 254(a).

[125] 350 U.S. 247, 256 (1956).

[126] *Von Friewalde*, 339 F. App'x at 454 (quoting *Alvarez*, 339 F.3d at 902–03).

and indispensable to the principal activities that an employee is employed to perform if it is an intrinsic element of those activities and one with which the employee cannot dispense if he is to perform his principal activities."[127] "*Busk* conveys that whether an activity is integral and indispensable to an employee's principal activities does not turn on whether the activity benefits the employer or whether the employer requires the activity."[128] The Court expressly stated that "[i]f the test could be satisfied merely by the fact that an employer required an activity, it would sweep into 'principal activities' the very activities that the Portal-to-Portal Act was designed to address."[129]

The Supreme Court has identified some activities that satisfy the "integral and indispensable" test. In *Steiner*, the high Court held that changing clothes and showering was integral and indispensable to the workers' principal activity of manufacturing automotive-type wet-storage batteries, which involved dangerous chemicals and fumes.[130] In *Mitchell v. King Packing Co.*, the Court concluded that knife-sharpening activities were integral and indispensable to the employees' work at the meat-packing plant.[131] Conversely, in *Busk*, the Court concluded that mandatory security screenings were not integral and indispensable to the warehouse employees' work of retrieving and packaging products for shipment to customers.[132]

---

[127] 135 S.Ct. 515, 517 (2014).

[128] *Bridges v. Empire Scaffold, L.L.C.*, 875 F.3d 222, 227–28 (5th Cir. 2017) (citing *Busk*, 135 S.Ct. at 519).

[129] *Busk*, 135 S.Ct. at 519.

[130] 350 U.S. at 249–50.

[131] 350 U.S. 260, 262–30 (1956).

[132] *Busk*, 135 S.Ct. at 518.

The Fifth Circuit's opinion in *Von Friewalde v. Boeing Aerospace Operations, Inc.* is particularly instructive in this case.[133] There, the plaintiffs were employed as mechanics, quality inspectors, tool control attendants, and ramp operators at Boeing's facility in San Antonio, Texas, dedicated to maintaining and repairing military aircraft.[134] Boeing required employees to "clock in" anytime within 30 minutes prior to their assigned shift and "clock out" anytime within 18 minutes after their shift.[135] Employees were paid for the set number of hours covered by their shifts, but were automatically paid overtime if they clocked in before the 30 minute grace period or clocked out after the 18 minute grace period.[136] The plaintiffs sought overtime wages for the following activities allegedly performed outside of their actual shift times: "walking between their lockers and their work stations; obtaining and inventorying tools; donning and doffing ordinary protective gear such as safety glasses and hearing protection; and entering time and performing other work-related tasks on Boeing's computers."[137] The district court granted summary judgment in favor of Boeing, finding that the activities for which the plaintiffs sought overtime payment were non-compensable as a matter of law.[138]

On appeal, the Fifth Circuit determined that time spent obtaining standard tool bags, clocking in and out, and donning and doffing generic safety gear involved a *de minimis* amount of

---

[133] *Von Friewalde*, 339 F. App'x at 448.

[134] *Id.* at 451.

[135] *Id.*

[136] *Id.*

[137] *Id.* at 452.

[138] *Id.*

time and therefore were non-compensable activities under the FLSA.[139] However, the Fifth Circuit found that "the following activities, if actually proven to involve more than a *de minimis* amount of time, were compensable as a matter of law: performing substantive tasks on Boeing computers . . .; checking specialized tools in and out of the tool crib and . . . preparing the tool crib prior to the shift and putting away tools at the close of the shift; and cleaning up work stations at the end of the shift."[140] Nevertheless, the Fifth Circuit noted that the plaintiffs still bore "the burden of proving that they performed these activities 'off the clock' and were not adequately paid for their efforts."[141]

In this case, Kevin Jennings states that he was employed as a rigger and was responsible for cutting new rope lengths and selecting and testing the "come-along" tools required for the workday.[142] Stanley King states that he set up his welding equipment before the shift began, and that he needed more time than the five minutes allotted to return his equipment.[143]

Plaintiffs have presented evidence showing that they could not complete their job duties as riggers and welders without first completing these preliminary and postliminary activities. Plaintiffs have presented evidence to show that these preliminary or postliminary activities are "integral and indispensable to the principal activities that [Plaintiffs are] employed to perform" in

---

[139] *Id.* at 454.

[140] *Id.* at 454–55.

[141] *Id.* at 455.

[142] Rec. Doc. 64-5 at 1.

[143] Rec. Doc. 64-8 at 1.

that the activities were ones that Plaintiffs could dispense with if they were to perform their principal activities.[144] Therefore, the Court concludes that these activities are compensable under the FLSA.

### 2. Whether Time Spent Performing these Activities was *De Minimis*

"[E]ven if an activity might otherwise be compensable, [courts] may disregard de minimis claims 'concern[ing] only a few seconds or minutes of work beyond the scheduled working hours.'"[145] As the Fifth Circuit has recognized, "[m]ost courts have found daily periods of approximately 10 minutes *de minimus* even though otherwise compensable."[146]

Kevin Jennings and Stanley King have presented evidence showing that they were not compensated for 10 to 15 minutes per day. Specifically, Kevin Jennings states that it took him 10 to 15 minutes per day to cut the rope lengths and 5 minutes to select the come-along tools, and he was not paid for this time.[147] Finally, Stanley King states that it took him 10 to 15 minutes to set up the welding equipment and 10 to 15 minutes to put the equipment away, and he was not paid for this time.[148] Accordingly, the Court concludes that these tasks may have involved more than a *de minimis* amount of time and may be compensable. Therefore, Defendant is not entitled to summary judgment as a matter of law with respect to the FLSA claims of Kevin Jennings and

---

[144] 135 S.Ct. 515, 517 (2014).

[145] *Von Friewalde*, 339 F. App'x at 454 (quoting *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680, 692 (1946)).

[146] *Id.* (internal citations omitted).

[147] Rec. Doc. 64-5 at 1.

[148] Rec. Doc. 64-8 at 1.

Stanley King.

### 3.     Whether Defendant had Actual or Constructive Knowledge of the Work

The Fifth Circuit has determined that a plaintiff must show that he or she was "employed" during the time period for which he or she seeks overtime compensation, which requires the plaintiff to show that the employer had actual or constructive knowledge that the plaintiff was working overtime.[149] Constructive knowledge exists if an employer "exercising reasonable diligence" would become aware that an employee is working overtime.[150] As the Fifth Circuit has held, "[a]n employer who is armed with [knowledge that an employee is working overtime] cannot stand idly by and allow an employee to perform overtime work without proper compensation, even if the employee does not make a claim for the overtime compensation."[151] In *Newton v. City of Henderson*, the Fifth Circuit recognized that if an employee fails to notify or "deliberately prevents" the employer from acquiring knowledge that the employee worked overtime, the employer's failure to pay overtime is not a violation of FLSA.[152] However, the Fifth Circuit also instructed that employees are not prevented from claiming additional overtime beyond the hours reported if "the employer knew or had reason to believe that the reported information was

---

[149] *Von Friewalde v. Boeing Aerospace Operations, Inc.*, 339 F. App'x 448, 459 (5th Cir. 2009); *Newton v. City of Henderson*, 47 F.3d 746, 748 (5th Cir. 1995); *see also Bass v. City of Jackson, Miss.*, 878 F. Supp. 2d 701, 707 (S.D. Miss. 2011); *Garner v. Chevron Phillips Chem. Co., L.P.*, 834 F. Supp. 2d 528, 544–45 (S.D. Tex. 2011).

[150] *Von Friewalde*, 339 F. App'x at 455 (citing *Brennan v. Gen. Motors Acceptance Corp.*, 482 F.2d 825, 827 (5th Cir. 1973)).

[151] *Newton*, 47 F.3d at 748 (quoting *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981)).

[152] *Id.*

inaccurate."[153]

In this case, the parties do not dispute that each Plaintiff clocked-in when he arrived at work but was not paid until the morning safety meeting began. Defendant asserts that Plaintiffs did not begin working until after the morning meeting. In opposition, Plaintiffs have presented declarations of Kevin Jennings and Stanley King showing that they performed work before the morning meeting began. Considering that Defendant was aware of the times that Plaintiffs clocked into work each day, there is a disputed issue of material fact as to whether Plaintiffs were working during the time-period between when they clocked in and when the morning safety meeting began and whether Defendant had actual or constructive knowledge that Plaintiffs were working during that period. Accordingly, the Court denies the motion for summary judgment as to the FLSA claims of Kevin Jennings and Stanley King.

## V. Conclusion

As discussed above, Plaintiffs do not oppose dismissal of the state law claims.[154] Additionally, Plaintiffs do not oppose dismissal of the FLSA claims of Plaintiffs Jerkyle Lawrence, Craig Reaux, Trevor Alcina, Dontrell Brown, Dale Mitchell, Cody Chauvin, Leroy Jones, Joaquin Mirajes, Freddie Lewis, Christobal Lopez, and Anthony Lightfoot.[155] Therefore, the Court grants summary judgment as to these claims. However, there is a disputed issue of material fact as to whether Plaintiffs were working during the time-period between when they clocked in and when

---

[153] *Id.* at 749 (citing *Brumbelow v. Quality Mills, Inc.*, 462 F.2d 1324, 1327 (5th Cir. 1972)).

[154] Rec. Doc. 64 at 2.

[155] *Id.* at 1.

the morning safety meeting began and whether Defendant had actual or constructive knowledge that Plaintiffs were working during that period. Therefore, the Court denies the motion for summary judgment as to the FLSA claims of Kevin Jennings and Stanley King. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Motion for Summary Judgment"[156] is **GRANTED IN PART AND DENIED IN PART**.

**IT IS FURTHER ORDERED** that the motion is **GRANTED** to the extent it requests dismissal of Plaintiffs' state law claims and the FLSA claims of Plaintiffs Jerkyle Lawrence, Craig Reaux, Trevor Alcina, Dontrell Brown, Dale Mitchell, Cody Chauvin, Leroy Jones, Joaquin Mirajes, Freddie Lewis, Christobal Lopez, and Anthony Lightfoot. The motion is **DENIED** in all other respects.

**NEW ORLEANS, LOUISIANA** this ___5th___ day of June, 2019.

_____
**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[156] Rec. Doc. 62.